UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| REAGENT LONESTAR GROUP, LLC and MARK DANIELS, <br><br> Plaintiffs, <br><br> v. <br><br> MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY, SHELLPOINT MORTGAGE SERVICING and LONESTAR CAPITAL HOLDINGS, LLC, its/their successors and/or assigns, <br><br> Defendants. | Civil Action No.: 5:24-cv-1094 |

**DEFENDANTS MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY AND SHELLPOINT MORTGAGE SERVICING'S NOTICE OF REMOVAL**

Defendants Massachusetts Mutual Life Insurance Company ("MassMutual") and Newrez LLC d/b/a Shellpoint Mortgage Servicing, incorrectly named as Shellpoint Mortgage Servicing, ("Shellpoint" and, collectively with MassMutual, "Defendants") remove this case from the 57th District Court of Bexar County, Texas to the United States District Court for the Western District of Texas, San Antonio Division, under 28 U.S.C. §§ 1331, 1367, 1441, and 1446 for removal.

## I.   BACKGROUND

1. Plaintiffs Reagent Lonestar Group, LLC and Mark Daniels ("Plaintiffs") filed the underlying lawsuit in Texas state court seeking, among other things, to enjoin the August 6, 2024 foreclosure of a property located 2422 West Commerce Street, San Antonio, Texas 78207 (the "Property"), which Plaintiffs purchased from Defendant Lonestar Capital Holdings, LLC ("Lonestar") subject to a mortgage assigned to MassMutual and serviced by Shellpoint. *See* Petition (hereinafter, "Pet.").

1

2.	As set forth in the Petition, Plaintiffs allege that Lonestar repeatedly assured Plaintiffs that the mortgage on the Property was in good standing when it was not. After learning mortgage payments were delinquent, Plaintiffs requested that Defendants accept a mortgage payoff amount less than the amount to which Defendants are entitled, and Defendants properly declined. Now, Plaintiffs assert the following causes of action against Defendants: (1) application for temporary restraining order and temporary injunction; (2) breach of contract and failure of condition precedent; (3) trespass to try title to real property; (4) violation of the Real Estate Settlement Procedure Act and Regulation X and the 2016 Amendments; (5) violation of the Texas Debt Collection Act; (6) exemplary damages; and (7) attorney's fees. *See id.*

## II.     BASIS FOR REMOVAL – FEDERAL QUESTION JURISDICTION

3.	Federal question jurisdiction exists when an action presents a claim "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

4.	28 U.S.C. § 1441 provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

5.	Removal is proper because Plaintiffs' suit involves a federal question. Specifically, Plaintiffs allege that Defendants violated the Real Estate Settlement Procedures Act ("RESPA"), 12 C.F.R. 1024, *et seq.*, and seeks monetary relief based upon such alleged violations. *See* Pet. ¶¶ 41-46.

6.	A suit based upon violations of RESPA is, as a matter of law, a federal question. Therefore, this Court has original jurisdiction over this case under the provisions of 28 U.S.C. §§ 1331 and 1441(b).

7. In addition, this Court has supplemental jurisdiction over Plaintiffs' remaining state court claims pursuant to 28. U.S.C. § 1367. Pursuant to 28 U.S.C. § 1367, "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." The statute goes on to provide that "[s]uch supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties." 28 U.S.C. § 1367.

8. Here, this Court has supplemental jurisdiction over Plaintiffs' remaining state court claims because the claims are based on the same facts giving rise to Plaintiffs' federal claim—that Defendants refused to accept a lower mortgage payoff amount for the Property.

### III.  THE OTHER PROCEDURAL REQUIREMENTS ARE MET

9. Pursuant to 28 U.S.C. § 1446(b), Defendants have 30 days from the receipt of the Complaint to seek removal of the action to this Court. Shellpoint was served with Plaintiffs' Petition and Summons on August 30, 2024; therefore, Shellpoint's removal of this lawsuit is timely. There is no record that MassMutual has been served as of the date of this removal.

10. Pursuant to 28 U.S.C. § 1446(d), Defendants will file a copy of this Notice of Removal with the clerk of the 57th Judicial District Court of Bexar County, Texas, and will serve a copy of the Notice of Removal on Plaintiffs.

11. Pursuant to 28 U.S.C. § 1446(a), copies of all processes, pleadings, and orders served upon and readily available to Defendants to date are attached to this notice as composite **Exhibit A**.

12. Defendants reserve the right to amend or supplement this Notice of Removal and reserve the right to assert all defenses and available defensive motions and/or pleadings.

## IV. CONCLUSION

WHEREFORE, MassMutual and Shellpoint remove Plaintiffs' lawsuit from the 57th Judicial District of Bexar County, Texas to the United States District Court for the Western District of Texas.

Dated:  September 27, 2024                                  Respectfully submitted,

**HUSCH BLACKWELL LLP**

By: */s/ Lauren E. Hayes*
    Lauren E. Hayes
    State Bar No. 24081961
    Lauren.Hayes@huschblackwell.com
    111 Congress Avenue, Suite 1400
    Austin, Texas 78701
    (512) 472-5456 – Telephone
    (512) 479-1101 - Facsimile

*Attorneys for Defendants, MassMutual Life Insurance Company and Newrez LLC d/b/a Shellpoint Mortgage Servicing*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on September 27, 2024, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system.  I further certify that on the same day, I served a copy of the foregoing document via United States mail, postage prepaid and via e-mail, to:

John G. Helstowski, Esq.
J. Gannon Helstowski Law Firm
5209 Heritage Ave., Suite 510
Colleyville, TX  76034
jgh@jhgfirm.com

*Attorneys for Plaintiff*

                                                    */s/ Lauren E. Hayes*
                                                    Lauren E. Hayes