IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| REAGENT LONESTAR GROUP, LLC, MARK DANIELS, | § § § | |
| *Plaintiffs,* | § § § | 5-24-CV-01094-FB-RBF |
| vs. | § § § § | |
| MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY,  NEWREZ LLC,  LONESTAR CAPITAL HOLDINGS, LLC, | § § § § § | |
| *Defendants.* | § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

**To the Honorable United States District Judge Fred Biery:**

This Report and Recommendation concerns the status of this case. The District Judge referred all pretrial matters referred for resolution pursuant to Rules CV-72 and 1 of Appendix C to the Local Rules for the United States District Court for the Western District of Texas. *See* Dkt. No. 6. Authority to enter this recommendation stems from 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, all remaining claims in this matter should be **DISMISSED**.

This action was originally a state-court lawsuit seeking an injunction and asserting violations for breach of contract and failure of a condition precedent; trespass to try title to real property; violations of the Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. §2605 *et seq*., including Regulation X (12 C.F.R. §1024(f)(2)(i)), and the 2016 Amendments to RESPA; and violations of the Texas Debt Collection Act. Dkt. No. 1-1 at 11-18. Defendants removed the

case from the 57th District Bexar County Court, invoking this Court's federal question Jurisdiction. *See* Dkt. No. 1.

Through May 2025, before this Court and in the state proceedings below, both Reagent Lonestar Group, LLC ("Reagent"), and Mark Daniels were the named Plaintiffs in the action. *See, e.g.*, Dkt. Nos. 1, 1-1, 16. On May 22, 2025, however, this Court entered an Order permitting Plaintiffs' counsel to withdraw. Dkt. No. 17 at 2. The Order also informed Plaintiffs that Reagent, as a corporate entity, could not proceed in federal court without an attorney. *See id.* at 1-2. The Court therefore ordered Reagent to secure counsel within 30 days of that Order's entry on the docket. *Id*. at 2. After repeatedly informing Reagent that it could not proceed without counsel, Reagent did not retain any, and the undersigned entered a Report and Recommendation recommending dismissal of all claims asserted by or on behalf of Reagent on that basis. *See* Dkt. No. 27. The District Court adopted the Report and Recommendation and dismissed all claims asserted by or behalf of Reagent, leaving only the claims asserted by Plaintiff Mark Daniels in his capacity as a *pro se* litigant. Dkt. No. 32.

Shortly before the District Court dismissed Reagent's claims, the parties jointly advised the Court that "Mr. Daniels no longer wishes to proceed with this case, and Reagent Lonestar Group, LLC does not intend to retain counsel. Plaintiffs are aware this means this case is likely to be dismissed without prejudice." Dkt. No. 29 at 1.

Accordingly, it is **RECOMMENDED** that **all remaining claims** asserted by Plaintiff Daniels be **DISMISSED without prejudice**. *See* Fed. R. Civ. P. 41(a)(2).

In light of the foregoing, it is **ORDERED** that the pending Motion for Summary Judgment, Dkt. No. 22, is therefore **MOOT**. Moreover, having considered and acted upon all

matters for which the above-entitled and numbered case was referred, it is **ORDERED** that the above-entitled and numbered case is **RETURNED** to the District Court for all purposes.

### Instructions for Service and Notice of Right to Object/Appeal

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy by certified mail, return receipt requested, to those not registered. Written objections to this report and recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Objections, responses, and replies must comply with the same page limits as other filings, unless otherwise excused by the district court's standing orders. *See* Rule CV-7. The objecting party shall file the objections with the clerk of the court and serve the objections on all other parties. A party filing objections must specifically identify those findings, conclusions, or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusory, or general objections. A party's failure to file written objections to the proposed findings, conclusions, and recommendations contained in this report shall bar the party from a *de novo* determination by the district court. *Thomas v. Arn*, 474 U.S. 140, 149-52 (1985); *Acuña v. Brown & Root*, *Inc.,* 200 F.3d 335, 340 (5th Cir. 2000). Additionally, failure to timely file written objections to the proposed findings, conclusions, and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**IT IS SO ORDERED**.

**SIGNED** this 2nd day of March, 2026.

_____
**RICHARD B.  FARRER**
**UNITED STATES MAGISTRATE JUDGE**